**FOURTH DIVISION
MCFADDEN, P. J.,
WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 20, 2026**

# In the Court of Appeals of Georgia

A26A0696. BERRY et al. v. THE BELTRAMI LAW FIRM, P. C., et al.

MCFADDEN, Presiding Judge.

Thomas Berry, III and Heather Berry (collectively, "the Berrys") appeal from the dismissal of their legal malpractice tort and breach of contract claims against The Beltrami Law Firm, P. C. and Louis J. Beltrami (collectively, "Beltrami"). Because the trial court correctly ruled that the claims are barred by the applicable statutes of limitation, we affirm.

1. *Facts and procedural posture*

In February 2025, the Berrys filed a complaint asserting, among other things, claims against Beltrami for legal malpractice sounding in tort and breach of contract. The complaint alleged that the Berrys had purchased certain real property in April

2014; that they had contracted with Beltrami to conduct a title search with respect to the property prior to the purchase; that Beltrami had failed in the title search to discover and disclose an easement encumbering the property prior to the purchase; and that the Berrys did not learn of the easement until March 2021, resulting in damages.

Beltrami filed a motion to dismiss or for judgment on the pleadings, asserting that the claims were barred by the applicable statutes of limitation and that Beltrami had no attorney-client relationship with, and thus owed no duty to, the Berrys. The trial court granted the motion to dismiss on both grounds, finding that the legal malpractice tort and breach of contract claims were barred by the applicable statutes of limitation and that Beltrami owed no duty to the Berrys. This appeal followed.

2. *Statutes of limitation*

The Berrys contend that the trial court erred in dismissing their claims against Beltrami on the basis that they were barred by applicable statutes of limitation. We disagree.

"When determining whether to grant a motion to dismiss a . . . claim as barred by the statute of limitation, the threshold question is which statute of limitation applies to the claim." *Titshaw v. Geer*, 320 Ga. 128, 140 (3) (d) (907 SE2d 835) (2024).

> After determining which statute of limitation applies to a plaintiff's . . . claim, a court ruling on a motion to dismiss the claim as barred by the statute of limitation must consider whether it is possible, within the framework of the complaint, for the plaintiff to prove that the . . . claim was filed within the applicable limitation period. Only if it is certain that the plaintiff cannot make such a showing should the court grant the motion to dismiss the . . . claim as barred by the statute of limitation.

Id. at 141 (3) (d).

Here, the statute of limitation applicable to the Berrys' legal malpractice tort claim was at most four years. See *Armstrong v. Cuffie*, 311 Ga. 791, 793 (1) n.4 (860 SE2d 504) (2021) ("It has long been the law in this state that a cause of action for legal malpractice, alleging negligence or unskillfulness, is subject to the four-year statute of limitation in OCGA § 9-3-25.") (citation and punctuation omitted). But compare *Titshaw*, supra at 130 (1), n. 3 (leaving open the question of whether legal malpractice claims sounding in tort are governed by the four-year period in OCGA § 9-3-25 or by the one-year or two-year limitation periods provided by OCGA § 9-3-33). And the statute of limitation applicable to their breach of contract claim was at most six years.

See *Titshaw*, supra at 129, 132-134 (3) (a), 140 (3) (d) (a breach-of-contract-for-legal-services claim can be governed by either OCGA § 9-3-24's six-year statute of limitation or OCGA § 9-3-25's four-year statute of limitation, depending on various factors, including whether it is premised on a written or oral contract).

In Georgia, "[w]hether sounding in contract or tort, a legal malpractice action accrues and the applicable statute of limitation commences to run from the date that the alleged wrongful act breached the attorney-client relationship. The cause of action arises immediately upon the wrongful act having been committed." *Titshaw v. Geer*, 368 Ga. App. 266, 268 (1) (888 SE2d 301) (2023) (citations and punctuation omitted), vacated in part on other grounds by *Titshaw*, 320 Ga. at 129, 141 (3) (c). See also *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 244 (1) (296 SE2d 788) (1982) ("The statute [of limitation] commences to run from the date of the breach of duty, and not from the time when the extent of the resulting injury is ascertained.") (citation and punctuation omitted).

Here, the alleged wrongful act by Beltrami was committed during the title examination for a real estate transaction that closed in 2014. So even under the longest

possible statutes of limitation of four and six years applicable to the respective tort and breach of contract claims, those limitation periods expired years before the Berrys filed their complaint in 2025. Accordingly, within the framework of their complaint, the Berrys cannot show that their claims against Beltrami were filed within the applicable limitation periods. So the trial court correctly dismissed those claims as barred by the statutes of limitation.

We note that the Berrys argue on appeal that although their claims against Beltrami appear to be barred by the governing statutes of limitation, the statutes of limitation were tolled by the doctrine of equitable estoppel. But the Berrys did not raise this issue in the trial court. While they cite to their response to Beltrami's motion to dismiss as purportedly showing that they made this argument below, a review of that response belies their contention, showing that they did not raise the issue and only argued, incorrectly, that their claims did not accrue until the they incurred damages. See *Jankowski v. Taylor, Bishop, & Lee*, 246 Ga. 804, 806 (1) (273 SE2d 16) (1980) (in legal malpractice cases, a right of action arises immediately upon the wrongful act having been committed even though there are no special damages);

5

*Frates*, supra (the statute of limitation commences to run immediately from the date of the breach of duty, not from the time when the resulting injury is ascertained).

> [I]t is well settled that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may [appellants] alter the course of [their] arguments mid-stream, raising issues on appeal that were not raised before the trial court. [The Berrys] did not raise this issue below; consequently, [they] did not preserve this claim for review on appeal.

*Rodriguez v. State Farm Mut. Auto. Ins. Co.*, 366 Ga. App. 65, 70 (880 SE2d 606) (2022) (citations and punctuation omitted). See also *First Merit Credit Servs. v. Fairway Aviation*, 359 Ga. App. 829, 836 (2) (860 SE2d 126) (2021) ("Although under the 'right for any reason' rule this court will affirm the correct ruling of a trial court on grounds not addressed below, we do not apply a 'wrong for any reason' rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court.") (citation omitted).

3. *Duty*

Because of our holding above that the trial court correctly dismissed the claims against Beltrami as barred by the applicable statutes of limitation, we need not address the trial court's additional finding regarding duty.

*Judgment affirmed. Watkins and Padgett, JJ., concur.*